[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14890
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00073-JDW-JSS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN BARAJAS-PALOMAR,
a.k.a. Manuel Martinez-Sanchez,
a.k.a. Juan Barajas,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 18, 2017)

Before JORDAN, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Juan Barajas-Palomar appeals his 36-month sentence following his guilty plea to one count of illegal reentry after deportation for a felony.  We affirm.

## I. BACKGROUND

Barajas-Palomar, a native and citizen of Mexico, first illegally entered the United States in 1968.  Between 1982 and 1987, he was convicted of traffic violations, petit theft, burglary of a structure, driving under the influence, resisting arrest without violence, and possession of drug paraphernalia.  In April 1988, he was convicted of possession of cocaine and possession of marijuana.  In 1992, an immigration judge ordered Barajas-Palomar to be removed; he was deported to Mexico the next day.

Barajas-Palomar illegally returned to the United States and, between April 2007 and July 2011, was arrested for multiple driving crimes.  From 2011 to 2013, Barajas-Palomar illegally reentered the United States and was removed from the country at least five more times.  In 2011 and 2013, Barajas-Palomar twice was convicted of illegal entry into the United States and served a six-month sentence for each conviction.

In January 2016, Barajas-Palomar was arrested on out-of-country warrants. During an interview, he admitted to Immigration and Customs Enforcement agents he illegally had reentered the United States in 2013.  Barajas-Palomar was indicted for reentering the United States without permission after previously having been

2

convicted of possessing cocaine, in violation of 8 U.S.C. § 1326(a) and (b)(1) (Count One), and improper entry into the United States, in violation of 8 U.S.C. § 1325(a)(1) (Count Two). Barajas-Palomar pled guilty to the indictment without a plea agreement. The district judge subsequently granted the government's motion to dismiss Count Two, because of an error in the notice of maximum penalties.

In the Presentence Investigation Report ("PSI"), the probation officer calculated a base-offense level of 8 for a crime involving unlawfully entering or remaining in the United States, pursuant to U.S.S.G. § 2L1.2. Barajas-Palomar received a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D), because he previously had been deported for a felony conviction of cocaine possession. He also received a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). His total-adjusted-offense level was 10.

Based on Barajas-Palomar's prior criminal convictions qualifying for a total of four criminal-history points, the probation officer assigned him a criminal-history category of III. Barajas-Palomar received two criminal-history points for an August 2011 conviction for illegal entry and two additional criminal-history points for an April 2013 conviction for illegal entry. Although not qualifying for criminal-history points, the PSI noted Barajas-Palomar's other prior convictions

3

and numerous arrests.[1]  Based on his criminal-history category of III and the total-adjusted-offense level of 10, Barajas-Palomar's resulting Sentencing Guidelines range was 10 to 16 months of imprisonment, with a maximum of 120 months of imprisonment. 8 U.S.C. § 1326(a), (b)(1).

In considering the 18 U.S.C. § 3553(a) factors, the district judge noted Barajas-Palomar had numerous prior convictions that did not qualify for criminal-history points, multiple prior deportations, and a "shocking" history of recidivism. Sentencing Hr'g Tr. at 9 (June 27, 2016).  The judge stated Barajas-Palomar demonstrated a lack of respect for the United States and Florida law and the prior terms of imprisonment Barajas-Palomar had served had no deterrent effect.  The judge concluded the Guidelines range did not reflect adequately the sentencing factors set forth in § 3553(a) and an upward variance was appropriate to reflect the seriousness of the crime, promote respect for the law, and act as a deterrent.

In considering the extent of the upward variance, the judge stated a lengthy sentence was necessary to protect the public.  The judge noted Barajas-Palomar

---

[1] Barajas-Palomar was convicted of (1) petit theft in March 1982; (2) burglary of a structure in September 1982; (3) driving without a valid driver's license in February 1985, March 1985, September 2009, and January 2016; (4) driving under the influence, resisting arrest without violence, driving with a suspended license, and fleeing or attempting to elude law enforcement in September 1987; (5) possession of drug paraphernalia in January 1988; and (7) possession of cocaine and possession of marijuana in April 1988.  Additionally, he was arrested for four counts of burglary, three counts of grand theft, larceny, dealing in stolen property, kidnapping, two counts of sexual battery, carrying a concealed firearm, two counts of possession of marijuana, possession of drug paraphernalia, resisting an officer without violence, false claims of United States citizenship, and two counts of driving without a valid driver's license.

created a public-safety concern, because he had committed several felonies, was involved with drugs, regularly drove without a license, and repeatedly had entered the United States illegally.  The judge also noted Barajas-Palomar had 14 additional arrests that did not result in conviction, including kidnapping and sexual battery but stated those were not going to be considered in determining the appropriate sentence.  After hearing arguments, the judge sentenced Barajas-Palomar to 36 months of imprisonment and 3 years of supervised release.  The judge stated:

> I have . . . varied upward from the advisory guideline range for the reasons I've articulated, my concerns about his criminal history, his repeated conduct, and illegally re-entering this country six times since 1992.  History and characteristics of the defendant, his lack of respect for the law, the fact that two prior six-month sentences in federal court have not deterred him.  I'm not sure 36 months will deter him either, but that seems to be the appropriate sentence.

*Id.* at 15.  The judge subsequently overruled Barajas-Palomar's objection to the substantive reasonableness of his sentence.

On appeal, Barajas-Palomar argues his sentence was substantively unreasonable, because a sentence within the Sentencing Guidelines range was all that was necessary to reflect the seriousness of his crime, provide individual and general deterrence, protect the community, and rehabilitate him.  He asserts this court should be left with the "definite and firm conviction" the district judge had "tipped the scales too far in favor of punishment."  Appellant's Br. at 23-24 n.14.

He argues his 36-month sentence, a 260% upward variance, should be vacated and remanded for resentencing.

## II. DISCUSSION

We review the reasonableness of a district judge's final sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The judge must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment for the crime, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). In imposing a particular sentence, the judge must also consider the nature and circumstances of the crime, the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we follow a two-step process. First, we ensure the sentence was procedurally reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Second, we determine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* A sentence is substantively reasonable if, under a totality of the circumstances, it achieves the

6

purposes of § 3553(a).  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  The party challenging the sentence bears the burden of showing it is unreasonable in view of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We reverse only "if we are left with the definite and firm conviction that the district [judge] committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation and internal quotation marks omitted).  A sentence well below the statutory maximum is indicative of reasonableness.  *United States v. Dougherty*, 754 F.3d 1353, 1362, 1364 (11th Cir. 2014).

If the district judge concludes a variance from the Guidelines range is appropriate, he must consider the extent of the variance and ensure the justification for that variance is sufficiently compelling.  *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013).  Extraordinary circumstances are not required for a sentence outside the Guidelines range to be justified; we may not presume a sentence outside the Guidelines range is unreasonable.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  The percentage of a variance does not determine the strength of the justification required for a specific sentence.  *See Gall*, 552 U.S. at 47-48, 128 S. Ct. at 595 (stating "quantifying the variance as a

certain percentage . . . gives no weight to the substantial restriction of freedom involved in a term of supervised release or probation" (citation and internal quotation marks omitted)).

The district judge imposed Barajas-Palomar's sentence to meet the goals under § 3553(a).  The judge found Barajas-Palomar's criminal history, repeated crimes, and six illegal reentries since 1992 showed a need to impose a higher sentence to act as a deterrent, promote respect for the law, and protect public safety.  *Pugh*, 515 F.3d at 1191.  Another indicator the 36-month sentence was substantively reasonable is it was well below the 120-month statutory maximum.  *Dougherty*, 754 F.3d at 1362, 1364.  The judge's disagreement with Barajas-Palomar on the weight of the factors or the inability of a sentence within the Guidelines to act as a deterrent does not constitute an abuse of discretion.  *Irey*, 612 F.3d at 1190.  The judge did not abuse his discretion, because he considered the § 3553(a) factors and the purposes of the Sentencing Guidelines and properly concluded Barajas-Palomar's criminal history and high recidivism rate warranted a 20-month upward variance.  Based on the record and the § 3553(a) factors, Barajas-Palomar fails to demonstrate his sentence was substantively unreasonable.  *Tome*, 611 F.3d at 1378.

**AFFIRMED.**